# 1114 NEW JERSEY MISCELLANEOUS REPORTS.

ENGLEWOOD THEATRICAL ENTERPRISE, INCORPORATED,
RELATOR, v. ROBERT S. TIPPING ET AL., DEFEND-
ANTS.

Argued October 7, 1925—Decided October 21, 1925.

**Mandamus—Erection of Theatre—Alternative Writ to Compel
Permit to Maintain Theatre Allowed—Motion to Quash Re-
turn and to Allow Peremptory Writ—Defendants' Return
Examined and Held, Under Long Line of Cases, That Return
Cannot be Quashed—Writ Never Granted in Doubtful Cases—
Motion to Quash Denied.**

On motion to quash return to alternative writ of *man-
damus*.

Before Justices PARKER, MINTURN and BLACK.

For the defendants, *F. Hamilton Reeve* and *William M.
Seufert.*

For the relator, *David Bobker* and *Jacob L. Newman.*

PER CURIAM.

This case comes before the court on a motion to quash the
return filed to the alternative writ of *mandamus* heretofore
granted. The motion is based upon the ground that the
return does not constitute a legal defense. Then, if this be
granted, a further application is made to the court for a per-
emptory writ of *mandamus*. Notice of trial has been served
and filed for the September term of the Bergen County Cir-
cuit Court. We, therefore, proceed to examine the defend-
ants' return to the alternative writ to ascertain whether or
not it does set up a defense.

The relator, the Englewood Theatrical Enterprise, Incor-
porated, applied to the common council of Englewood for a
theatre license at Nos. 16-22 West Palisade avenue, Engle-

wood, New Jersey. The side, it is alleged, is on the main thoroughfare of the city at or near the base of a steep and dangerous hill. The return states, as to the truth of these statements made in the first, fifth and sixth paragraphs of the writ is unknown to the defendants. They refer to the incorporation of the relator. Contracts made for the purchase of the property known as 16 to 22 Palisade avenue, Englewood. Plans prepared by William E. Likman, an architect, covering the erection of a modern brick building at 16-22 Palisade avenue, to contain store, offices and a modern theatre with a seating capacity of two thousand.

Second. The return admits the statements contained in the second, third, fourth, eighth and ninth paragraphs of the writ are true. These refer to an ordinance of the city of Englwood, No. 38, approved June 18th, 1923. The organization and members of the common council of the city of Englewood. The second application for a license dated January 19th, 1925, and a letter dated February 18th, 1925, stating that the license had been refused.

Third. Statements contained in paragraph seven are inaccurate in particulars pointed out. This refers to the application for the theatre license.

Fourth. Paragraphs ten, eleven, twelve and thirteen in the writ are denied. These deny the discretionary power of the common council to grant a theatre license, that no objections were interposed with relation to the proposed type and character of the structure to be built. That the Englewood Theatrical Enterprise, Incorporated, will suffer irreparable loss, and that the common council of Englewood is acting arbitrarily and unreasonably in withholding the theatre license.

Then the return proceeds to state that it is true that no permit or license has been granted or issued to the Englewood Theatrical Enterprise, Incorporated, for the following reasons:

First. That neither of the applications of the Englewood Theatrical Enterprise, Incorporated, dated December 27th,

1924, and January 19th, 1925, comply with the requirements of the ordinance of the city of Englewood, No. 38.

Second. That the city of Englewood has a right and authority under the law and by ordinance to exercise discretion in the granting of a theatre license.

Third. The form and terms of the ordinance itself indicate and provide for the presentation of facts, upon which the common council shall pass judgment before granting a theatre license.

Fourth. Refers to the law under which the city of Englewood was incorporated, giving it power to regulate and license sports, theatrical exhibitions, &c.

Fifth. The word "shall" in the ordinance No. 38 is not used in a mandatory sense.

Sixth. That in the exercise of the judgment of the common council of the city of Englewood after an examination of the facts determined, that the proposed theatre site at 16-22 Palisade avenue, Englewood, was not a proper place for a theatre in, view of the physical facts surrounding the location.

Seventh. The application of the Englewood Theatrical Enterprise, Incorporated, for a theatre license is premature, as there is no theatre on the premises, nor is there any such building in the course of construction, and, as a matter of fact, such theatre may never be constructed.

The relator filed an answer to the return of the defendants joining issue on paragraph No. 1, subdivision No. 3 and paragraph No. 4. Then answers the reasons enumerated by the defendants as a basis for a refusal of the permit or license in eleven paragraphs. Then a reply answer by the defendants, in which they join issue on number eight and nine and deny number ten and eleven of the relator's answer.

The rule to show cause why a peremptory or alternative writ of *mandamus* shall not issue was allowed on March 20th, 1925, with leave to take affidavits. Testimony was taken under the rule. One hundred and seventy printed pages returned with the motion. The alternative writ was allowed May 5th, 1925, upon the testimony so taken. The return to

the writ was filed May 15th, 1925. The answer to the return, May 25th, and the reply, June 9th, 1925.

Manifestly, under a long line of cases in our reports, we cannot quash the return to the alterantive writ of *mandamus* and order a peremptory writ. In *Iszkay* v. *Dill*, 92 *N. J. L.* 329, it is said the writ of *mandamus* is never granted in a doubtful case. Citing many other cases to the same effect.

The motion to quash the return to the alternative writ is denied, with costs.